

JED:RTB:JEKurland                    Telephone:   (202) 616-0477
DJ No. 54-13-163                     Facsimile:   (202) 307-0972

*Washington, DC 20530*

April 8, 2016

<u>BY ELECTRONIC FILING</u>

The Honorable Daniel E. O'Toole
Circuit Executive and Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington D.C. 20439

     Re:     *Papierfabrik August Koehler SE v. United States*, No. 2015-1489

Dear Mr. O'Toole:

     We respectfully respond to the Fed. R. App. P. 28(j) letter filed by defendant-appellee Appvion, Inc. concerning *Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333 (Fed. Cir. 2016).

     In *Nan Ya*, the Department of Commerce (Commerce) relied on primary rather than secondary information to determine the adverse facts available rate for an uncooperative respondent, but the decision nevertheless applies here because the Court clarified Commerce's statutory duties concerning adverse facts available.

     First, the Court clarified past decisions' references to "commercial reality" and "accuracy" in a manner that undercuts arguments by plaintiff-appellant Papierfabrik August Koehler SE (Koehler).  Koehler Br. 24-30.  The Court explained that these concepts require Commerce neither to analyze a party's specific economic or commercial reality, nor to "prove a negative" about an uncooperative party's pricing behavior.  *Nan Ya*, 810 F.3d at 1344.  The Court added that *F.Lli De Cecco di Filippo Fara S. Martino S.p.A. v. United States*, 216 F.3d 1027 (Fed. Cir. 2000), on which Koehler relies, does not entail the broad notions of "accuracy" that Koehler asserts.  *Nan Ya*, 810 F.3d at 1342.

     Next, Koehler claims that the 144.63 percent margin among the range in Commerce's corroboration analysis is facially aberrational (Koehler Br. 33-37), but the Court in *Nan Ya* rejected the argument that the highest margin was "aberrant" and "outside the 'continuum' of calculated margins in view of various statistical analyses."  *Nan Ya*, 810 F.3d at 1346-47.  It held that "{t}he statute simply does not require Commerce to select facts that reflect a certain amount of sales, yield a particular margin, fall within a continuum according to the application of particular statistical methods, or align with standards articulated in other statutes and regulations."  *Id.*

Finally, the Court in *Nan Ya* recognized that recent legislation "confirm{s}" Congress's intent "that Commerce has the 'discretion to apply {the} highest rate' and need not demonstrate that a particular dumping margin 'reflects an alleged commercial reality of the interested party{.}'" *Id.* at 1350 (quoting Trade Preferences Extension Act of 2015, Sec. 502(3), § 1677e(d)(2), (3)(B), 129 Stat. at 384).

Accordingly, *Nan Ya* supports affirmance of the judgment below.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant
Attorney General

JEANNE E. DAVIDSON
Director

/s/ Reginald T. Blades, Jr. by Patricia M.
McCarthy
REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:                    /s/ Joshua E. Kurland
Jessica M. Link                 JOSHUA E. KURLAND
Attorney                         Trial Attorney
Office of the Chief Counsel        Department of Justice
for Trade Enforcement and Compliance  Commercial Litigation Branch
U.S. Department of Commerce      P.O. Box 480
Washington, DC 20530            Ben Franklin Station
                                  Washington, D.C.  20044
                                    Tel: (202) 616-0477
                                    Fax: (202) 307-0972
                                    Joshua.E.Kurland@usdoj.gov

April 8, 2016                   *Attorneys for Defendant United States*