

JED:RTB:JEKurland  
DJ No. 54-13-163

Telephone: (202) 616-0477  
Facsimile: (202) 307-0972

*Washington, DC 20530*

August 10, 2016

BY ELECTRONIC FILING

The Honorable Peter R. Marksteiner  
Circuit Executive & Clerk of the Court  
United States Court of Appeals for the Federal Circuit  
717 Madison Place, N.W.  
Washington D.C. 20439

Re: *Papierfabrik August Koehler SE v. United States*, No. 2015-1489

Dear Mr. Marksteiner:

Regarding appellant's notice of supplemental authority discussing *Papierfabrik August Koehler AG v. United States*, No. 12-00091, 2016 WL 3685693 (Ct. Int'l Trade July 6, 2016) (*Koehler AR2*), that decision supports affirmance in this case because it also sustained the Department of Commerce's (Commerce's) application of a 75.36 percent dumping margin to Koehler based on its fraudulent activity.

Koehler emphasizes that the trial court in *Koehler AR2* found that the 75.36 percent margin was not corroborated by a 144.63 percent margin that was highest among the range that Commerce used for corroboration. The trial court also determined, however, that the *Koehler AR2* record contained information "reasonably at" Commerce's disposal concerning the validity of the 144.63 margin. 2016 WL 3685693 at *12. In this case, conversely, the court held—and Koehler has not challenged on appeal—that Koehler had not properly contested before Commerce the validity of the 144.63 percent margin. *See Papierfabrik August Koehler SE v. United States*, 7 F. Supp. 3d 1304, 1317-18 (Ct. Int'l Trade 2014). Koehler's submission of documents from the *Koehler AR2* record on reply effectively to circumvent this ruling is the subject of our still-proper motion to strike.

Moreover, to the extent that *Koehler AR2* determined not to consider the 144.63 percent margin because it is higher than Koehler's other margins, that is contrary both to this Court's decision in *Nan Ya Plastics Corp. v. United States* holding that a rate is not "aberrant" simply because it is outside a statistical "continuum," 810 F.3d 1333, 1346-47 (Fed. Cir. 2016), as well as to similar jurisprudence that the trial court cited in this case. *See* 7 F. Supp. 3d at 1318.

Lastly, even without relying upon the 144.63 percent margin, *Koehler AR2* sustained application of the 75.36 percent margin under the circumstances based on the existence of other sales with substantial margins, albeit somewhat lower than 75.36 percent. We disagree that supplemental briefing is warranted on this issue because the parties briefed Commerce's reliance

on a range of Koehler's margins, including those lower than 75.36 percent.  *See* Appvion Br. 20, 32-34; Gov't Br. 40-42.

|  | Respectfully submitted, |
|---|---|
|  | BENJAMIN C. MIZER<br>Principal Deputy Assistant<br>Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| OF COUNSEL:<br>Jessica M. Link<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>Washington, DC 20530 | /s/ Joshua E. Kurland<br>JOSHUA E. KURLAND<br>Trial Attorney<br>Department of Justice<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Tel: (202) 616-0477<br>Fax: (202) 307-0972<br>Joshua.E.Kurland@usdoj.gov |
| August 10, 2016 | *Attorneys for Defendant United States* |

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 10th day of August, 2016, a copy of the foregoing response to appellant's notice of supplemental authority was filed electronically.

__X__ This filing was served electronically to all parties by operation of the Court's electronic filing system.

____ A copy of this filing was served via:

    ____ hand delivery

    __ mail

    ____ third-party commercial carrier for delivery within 3 days

    ____ electronic means, with written consent of the party being served

to the following address:

/s/ Joshua E. Kurland